1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                               **DISTRICT OF NEVADA**

10

11

STEPHEN BARTLETT,                    )

12                                    )

            Petitioner,              )          3:11-cv-00349-ECR-VPC

13                                    )

vs.                                  )

14                                    )      **ORDER**

NEVIN, *et al.,*                      )

15                                    )

            Respondents.             )

16 _____/

17          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which

18 petitioner, a state prisoner, is proceeding *pro se*.  Before the court is respondents' motion to dismiss

19 (docket #8).  Petitioner has opposed the motion (docket #17), and respondents have replied (docket #18).

20 **I. Procedural History and Background**

21          On December 13, 2006, the State of Nevada filed an indictment in the Second Judicial

22 District Court for the State of Nevada charging petitioner, Stephen Bartlett, with two counts of

23 embezzlement and three counts of grand larceny (exhibits to motion to dismiss, docket #8, ex. 5).[1]  On

24 January 10, 2007, petitioner pled guilty to one count of embezzlement (ex.'s 8 and 9).  The court

25

26
_____

    [1]All exhibits referenced in this Order are exhibits to respondents' motion to dismiss, docket #8.

1    scheduled sentencing for March 30, 2007 (ex. 9 at 9).  Petitioner failed to appear at the time scheduled

2    for sentencing, and the court issued a bench warrant for his arrest (ex. 11).

3              On December 31, 2008, petitioner was convicted of one count of embezzlement and

4    sentenced to 48-120 months in prison, $575.25 restitution for extradition costs, and $121,000 in

5    restitution (ex.'s 18 and 19).

6              Petitioner did not file a direct appeal to the Nevada Supreme Court.

7              On February 18, 2009, Bartlett filed a proper person petition for writ of habeas corpus

8    directly with the Nevada Supreme Court (ex. 21).  On March 12, 2009, the Nevada Supreme Court

9    denied the petition for lack of jurisdiction (ex. 23).

10             Petitioner dispatched his first federal habeas petition to this court on April 10, 2009 (*see*

11   3:09-cv-0207-ECR-RAM, docket #6).  This court dismissed the action without prejudice for lack of

12   exhaustion (*id*.).

13             Petitioner filed a proper person petition for writ of habeas corpus in state district court

14   on October 20, 2009 (ex. 25).  The court dismissed the petition on August 6, 2010 (ex. 54).  On April

15   6, 2011, the Nevada Supreme Court affirmed the dismissal (ex. 67).

16             Petitioner dispatched this federal petition for writ of habeas corpus on May 11, 2011

17   (docket #4).  This court denied petitioner's motion for appointment of counsel on June 6, 2011 (docket

18   #3).  Respondents argue that the petition should be dismissed as unexhausted and procedurally barred.

19   **II.  Discussion**

20             **A.  Exhaustion Standard**

21             A federal court will not grant a state prisoner's petition for habeas relief until the prisoner

22   has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982);

23   28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his

24   claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S.

25   838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted

26   until the petitioner has given the highest available state court the opportunity to consider the claim

1    through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th

2    Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

3           A habeas petitioner must "present the state courts with the same claim he urges upon the

4    federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of

5    a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.

6    *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To

7    achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims

8    under the United States Constitution" and given the opportunity to correct alleged violations of the

9    prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d

10   1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear

11   instruction to potential litigants: before you bring any claims to federal court, be sure that you first have

12   taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v.*

13   *Lundy,* 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due

14   process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*

15   *v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw

16   that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th

17   Cir. 2003) (en banc).

18          A claim is not exhausted unless the petitioner has presented to the state court the same

19   operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept.*

20   *Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the

21   petitioner presents to the federal court facts or evidence which place the claim in a significantly different

22   posture than it was in the state courts, or where different facts are presented at the federal level to

23   support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v.*

24   *Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

25

26

**B. Procedural Bar**

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529

U.S. 446, 453 (2000).  With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982).  If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

### C. Petition in the Instant Case

#### 1.  Ground 1

In ground 1 of the federal petition, petitioner alleges a violation of his Sixth and Fourteenth Amendment rights to a speedy trial and due process when the state prosecutor failed to initiate the Interstate Agreement on Detainers ("IAD") and return petitioner to Nevada for sentencing (docket #4 at 8-10).  Petitioner was arrested in California after he failed to appear for sentencing in the Nevada case.  He was then convicted and incarcerated on another charge in California.  Petitioner sought to be sentenced in the Nevada case pursuant to the IAD, but the Nevada prosecutor failed to comply with the IAD's provisions.  Petitioner claims that both his sentencing on the embezzlement conviction as well as conviction and sentence on the failure to appear charge occurred well after the 180 day-limit under the IAD.  Petitioner argues that the embezzlement conviction as well as the failure to appear charge should have been dismissed with prejudice pursuant to the IAD (*id*).

First, respondents argue that ground 1 is unexhausted.  It appears to this court that ground 1 is, in fact, exhausted.  However, respondents also argue that, if ground 1 is exhausted, it nevertheless is procedurally barred (docket #8 at 8).  In this case, petitioner pleaded guilty to embezzlement.  Under Nevada law, the only claims that may be brought in a petition for writ of habeas corpus challenging a judgment of conviction based on a guilty plea are those claims that allege the plea was involuntary or unknowingly entered, or that the plea was entered without effective assistance of counsel. Any other claims are subject to dismissal. Nev. Rev. Stat. § 34.810(1)(a); *Kirksey v. State*, 112 Nev. 980, 923 P.2d

1   1102 (1996).  The Nevada Supreme Court explicitly relied on this procedural bar when it declined to

2   review the claims of the state habeas petition that correspond to ground 1 of the federal habeas petition

3   (ex. 67, at 2-3).   The Ninth Circuit Court of Appeals has held that, at least in non-capital cases,

4   application of the procedural bar at issue in this case – Nev. Rev. Stat. § 34.810 – is an independent and

5   adequate state ground.  *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v.*

6   *Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).

7              Therefore, this court finds that the Nevada Supreme Court's holding that ground 1 was

8   procedurally barred under NRS 34.810(1)(a) was an independent and adequate ground for the court's

9   dismissal of ground 1 of the state-court petition.  In his opposition to respondents' motion to dismiss,

10  petitioner acknowledges that he must demonstrate cause for the default and actual prejudice or

11  demonstrate that failure to consider claims will result in a fundamental miscarriage of justice (docket

12  #17 at 4).  However, he states only: "In this case petitioner can think of no greater miscarriage of justice

13  than being illegally imprisoned and restrained of his liberty" (*id*.).  Petitioner presents no argument

14  concerning cause and prejudice other than this general assertion.  Accordingly, the court grants

15  respondents' motion to dismiss ground 1 as procedurally barred.

16              2. Ground 2(A)

17              In ground 2(A), petitioner argues that his trial counsel rendered ineffective assistance of

18  counsel when he failed to fully inform petitioner of the sentence structure of his guilty plea (docket #4

19  at 21).  Respondents point out that petitioner never alleged in the fast track statement filed on appeal of

20  the denial of his state habeas petition any claim related to his sentence structure (ex. 64).  Respondents

21  are correct.  Accordingly, Ground 2(A) is unexhausted.

22              3. Ground 2(B)(I) and 2(B)(ii)

23              In ground 2(B), petitioner alleges that his attorney rendered ineffective assistance of

24  counsel  because he failed to take two actions after the plea was entered but before sentencing, despite

25  petitioner's request. First: in ground 2(B)(I) petitioner alleges the following:  counsel failed to move for

26  dismissal with prejudice based on violation of the right to a speedy trial due to the State's violation of

1    petitioner's rights under the IAD.  Counsel failed to research the issue and move for dismissal despite

2    documentation provided to him by petitioner (docket #4 at 21).

3          Respondents are correct that petitioner stated for the first time in his federal petition that

4    counsel failed to research the IAD issue despite documentation provided to him by the petitioner (docket

5    #8 at 6).  However, petitioner has presented to this court the same operative facts as he presented to the

6    Nevada Supreme Court.  *Bland,* 20 F.3d at 1473.  The substance of the claim is that his counsel did not

7    move for dismissal with prejudice based on violations of the IAD.  Petitioner has not presented to the

8    federal court facts or evidence that place the claim in a significantly different posture than it was in the

9    state courts, nor has he presented different material facts at the federal level to support the same theory.

10   *See Nevius,* 852 F.2d at 470; *Pappageorge,* 688 F.2d at 1295; *Johnstone,* 582 F. Supp. at 458.

11   Accordingly, ground 2(B)(I) is exhausted.

12         Second: in ground 2(B)(ii) petitioner alleges the following: his attorney rendered

13   ineffective assistance of counsel because, despite petitioner's request, he failed to seek all "time credits"

14   based on the California sentence.  The California sentence was ordered to run concurrently with any

15   other sentence.  Counsel also failed to argue that the detainer hold prevented petitioner from earning all

16   possible good time credits, thereby extending his California sentence (docket #4 at 21).  Respondents

17   point out that in his fast track statement filed on appeal of the denial of his state habeas petition,

18   petitioner argues only that his attorney was ineffective because he did not seek credit for time served

19   (577 days) in California (*see* ex. 63 at 8).

20         Respondents argue that ground 2(B)(ii) is unexhausted because petitioner raises for the

21   first time in this federal petition the argument that his attorney was ineffective because he failed to raise

22   the claim that the detainer hold prevented petitioner from earning all good time credits in California,

23   which delayed his release (docket #8 at 6).  Respondents are correct.  Accordingly, ground 2(B)(ii) is

24   unexhausted.

25

26

7

**III.  Petitioner's Options Regarding Unexhausted Claims**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds that ground 1 is dismissed and that all remaining claims in the petition, except ground 2(B)(I) concerning counsel's failure to move for dismissal with prejudice based on the State's violation of his rights under the IAD, are unexhausted. Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1.  He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claim;

2.  He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

3.  He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines, 544 U.S. at 277.

Accordingly, petitioner would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

1    Petitioner's failure to choose any of the three options listed above, or seek other

2 appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner

3 is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained

4 in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever

5 choice he makes regarding his petition.

6 **IV. Conclusion**

7    **IT IS THEREFORE ORDERED** that respondents' motion for leave to file Exhibit 10

8 under seal (docket #13) is **GRANTED**.

9    **IT IS FURTHER ORDERED** that respondents' motion to dismiss the petition (docket

10 #8) is **GRANTED in part, and DENIED in part**, as follows:

11    1. Ground 1 is **DISMISSED** as procedurally barred.

12    2. The ineffective assistance of counsel claim in ground 2(B)(I), alleging that counsel failed to

13 move to dismiss with prejudice due to the State's violations of petitioner's rights under the IAD, is

14 exhausted.

15    3. The remainder of the petition is unexhausted.

16    **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)**

17 inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted

18 grounds for relief in his federal habeas petition and proceed on the exhausted ground; **OR (2)** inform this

19 court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return

20 to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking

21 this court to hold his exhausted claim in abeyance while he returns to state court to exhaust his

22 unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other

23 appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

24    **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted

25 grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of

26 abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall

9

1  contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall

2  comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28

3  U.S.C. §2254.

4          **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following

5  service of respondents' answer in which to file a reply.

6          **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the

7  time permitted, this case may be dismissed.

8      Dated this 13th day of September, 2011.

9

10                    _____
                      UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26